```
                DISTRICT COURT OF THE VIRGIN ISLANDS
                 DIVISION OF ST. THOMAS AND ST. JOHN

RICHARD WINGROVE,                    )
                                     )
            Plaintiff,               )
                                     )
       v.                            )    Civil No. 2009-154
                                     )
BANK OF NOVA SCOTIA; STRYKER         )
DUENSING, CASNER & DOLLISON; and     )
the LAWYER'S TITLE INSURANCE         )
CORPORATION,                         )
                                     )
            Defendants.              )
                                     )
```

ATTORNEYS:

**Wingrove Llewelyn Richards,**
St. Thomas, U.S.V.I.
    *Pro Se Plaintiff*.

**Carol Ann Rich,**
Dudley Rich Davis, LLP
St. Thomas, U.S.V.I.
    *For the Bank of Nova Scotia*.

**James Bernier , Jr.**
Stryker, Duensing, Casner & Dollison
St. Thomas, U.S.V.I.
    *For Stryker, Duensing, Casner & Dollison.*

**W.B. Cole**,
Hunter, Cole & Bennett
St. Croix, U.S.V.I.
    *For the Lawyer's Title Insurance Corporation.*

<u>ORDER</u>

**GÓMEZ, C.J.**

Before the Court are two motions by pro se plaintiff Richard Wingrove. The first is captioned as a "Petition for

Injunction Order." (ECF No. 27.) The second is captioned as a "Motion of Information to the Court." (ECF No. 28.)

At all relevant times, Richard Wingrove ("Wingrove") was the titleholder of property described as Parcel No. 1B1-B Remainder Estate Wintberg (the "Wintberg property"), located in St. Thomas, U.S. Virgin Islands. On October 27, 1999, Wingrove borrowed $30,000 from the Bank of Nova Scotia (the "Bank"). To evidence the debt, Wingrove executed a Mortgage Note ("Note") in which he promised to repay $30,000 to the Bank. The Note was secured by a mortgage on the Wintberg property in favor of the Bank.

Sometime thereafter, Wingrove defaulted under the terms of the Note and the mortgage. As such, the Bank filed an action against Wingrove for debt and foreclosure in the Superior Court of the Virgin Islands (the "Superior Court action"). During the pendency of the Superior Court action, Wingrove filed for bankruptcy. The Superior Court action was stayed.

Subsequently, as a result of Wingrove's bankruptcy filing, his unsecured debts were discharged on December 24, 2002. The Bank then sought and was granted relief from the stay of the Superior Court action. On March 15, 2007, the Superior Court entered a judgment and order of foreclosure against Wingrove. The court ordered that the Wintberg property be sold by the

Superior Court Marshal. Prior to the sale, Wingrove filed a motion to set aside the judgment. That motion was denied. The Wingberg property was sold and Wingrove was ordered to pay the Bank's attorneys' fees and costs.

Thereafter, on October 30, 2009, Wingrove filed the instant action. Wingrove sought to have this Court vacate various Bankruptcy Court and Superior Court orders and judgments, pursuant to Rule 60(b)(3),(4),and (5) of the Federal Rules of Civil Procedure. Wingrove named as defendants the Bank, the law firm of Stryker, Duensing, Casner & Dollison ("Stryker"), and the Lawyers Title Insurance Company. In his complaint, Wingrove claimed that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Fed. R. Civ. P. 60(b)(3),(4),and (5), and 28 U.S.C. § 1655.

Stryker and the Bank filed motions to dismiss for lack of subject matter jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Wingrove filed a motion for summary judgment.

On September 28, 2010, the Court held a hearing on the pending motions. During the hearing, the Court determined that it lacked subject matter jurisdiction over this action. On the following day, the Court entered an order memorializing its oral

decision. The Court dismissed this action and ordered that the Clerk of the Court close this case.

On February 13, 2013, more than two years after this case had been closed, Wingrove filed the instant motions. The first motion is styled as a 25-count complaint against Wilmoth Brooks, the Bank, Stryker, and the Lawyers Title Insurance Company. The motion essentially asserts that the defendants are liable for conversion and fraudulent conveyance arising from the sale of the Wintberg property. The second motion seems to reassert the claims previously asserted by Wingrove in his October 30, 2009, complaint. The Court will construe the motions as motions to reconsider pursuant to Federal Rule of Civil Procedure 59 and/or motions for relief from a judgment or an order pursuant to Federal Rule of Civil Procedure 60.

### A. Motions to Reconsider

Federal Rule of Civil Procedure 59(e) ("Rule 59(e)") permits a party to seek reconsideration of a judgment. However, courts are to grant Rule 59(e) relief only where: "(1) an intervening change in the law has occurred, (2) new evidence not previously available has emerged, or (3) the need to correct a clear error of law or prevent a manifest injustice arises." *Gutierrez v. Ashcroft*, 289 F. Supp. 2d 555, 561 (D.N.J. 2003) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d

1194, 1218 (3d Cir. 1995)). Such motions "must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

Here, Wingrove's motions were filed more than two years after the September 29, 2010, judgment. As such, to the extent that Wingrove's motions seek reconsideration, they will be denied as untimely. *See* Fed. R. Civ. P. 59(e).[1]

**B. Motions for Relief from a Judgment or Order**

Rule 60(b) of the Federal Rules of Civil Procedure 60(b) permits relief "from a final judgment, order, or proceeding." Fed. R. Civ. P. 60(b). A party may be relieved from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been

---

[1] The issue before the Court is not a novel one. Indeed, the U.S. Court of appeals for the Third Circuit summarily addressed the issue in a procedurally similar case, *Chen v. Rochford*, 145 Fed. App'x 723 (3d Cir. 2005). In that case, Shih-Ling Chen ("Chen") filed a complaint against numerous defendants, alleging constitutional violations and violations of federal statutes and state law in connection with the foreclosure sale of his property. The defendants moved to dismiss the complaint. Finding that it lacked subject matter jurisdiction, the district court dismissed the complaint with prejudice on November 26, 2003. On January 9, 2004, Chen filed a post-judgment motion for reconsideration in which he argued the merits of his complaint. The district court denied the motion as untimely. Chen appealed. On appeal, the Third Circuit determined that the district court "properly found Chen's January 9 motion for reconsideration untimely under Federal Rule of Civil Procedure 59(e) because it was filed more than ten days after it entered its final order." *Chen*, 145 Fed. App'x at 725. The 2009 amendments to the Federal Rules of Civil Procedure extended the time for filing a Rule 59(e) motion from ten to twenty-eight days. Fed. R. Civ. P. 59(e).

>   discovered in time to move for a new trial under Rule 59(b);
>
>   (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>   (4) the judgment is void;
>
>   (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it to prospectively is no longer equitable; or
>
>   (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

"A movant under Rule 60(b) bears a heavy burden, requiring 'more than a showing of the potential significance of the new evidence'....These motions are only granted where extraordinary justifying circumstances are present." *Santiago v. Nash*, No. 07-4017, 2008 WL 624758, at *1 (3d Cir. 2008) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)); *U.S. v. Beggerly*, 524 U.S. 38, 47 (1998) (stating "an independent action should be available only to prevent a grave miscarriage of justice.").

The Court is guided by a number of factors when ruling on a Rule 60(b) motion, *inter alia*, "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [4] whether, although the

motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time." *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986) (quoting 7 J. Moore & J. Lucas Moore's Federal Practice ¶ 60.19, pp. 60-164-60-165).

Here, Wingrove requests relief from the Court's order dismissing this case for lack of subject matter jurisdiction. That request is problematic.

A motion seeking relief pursuant to Federal Rule of Civil Procedure 60 must generally be filed "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60. Wingrove's motions were filed well beyond the one year mark. As such, the motions are untimely.

Wingrove's motions would, however, be timely if they sought relief pursuant to Federal Rule of Civil Procedure 60(d)(3) — seeking to set aside a judgment for fraud on the court. *See* Fed. R. Civ. P. 60(d)(3) (explaining that the one year limitation does not apply to such motions). Courts have defined "fraud upon the court" very narrowly:

> Fraud upon the court should . . . embrace only that species of fraud which does, or attempts to, subvert the integrity of the court itself, or is a fraud perpetrated by officers of the court so that the judicial machinery cannot perform in the usual manner

*Wingrove v. Bank of Nova Scotia, et al.*
Civil No. 2009-154
Order
Page 8

>   its impartial task of adjudging cases that are presented for adjudication, and relief should be denied in the absence of such conduct.

*Demjanjuk v. Petrovsky*, 10 F.3d 338, 352 (6th Cir. 1992) (quoting 7 MOORE'S FEDERAL PRACTICE AND PROCEDURE ¶ 60.33); *see also Oxford Clothes XX, Inc. v. Expeditors Int'l, Inc.*, 127 f.3d 574, 578 (7th Cir. 1997); *Serzysko v. Chase Manhattan Bank*, 461 F.2d 699, 702 (2d Cir. 1972).

Wingrove has failed to offer any evidence or other proof that any such fraud has been committed. He has therefore failed to satisfy his burden to show he is entitled to relief under Rule 60. *See generally Santiago v. Nash*, No. 07-4017, 2008 WL 624758, at *1 (3d Cir. 2008) (explaining that Rule 60 motions are only granted where "extraordinary justifying circumstances are present").

The premises considered, it is hereby

**ORDERED** that Wingrove's February 13, 2013, filing captioned as a "Petition for Injunction Order" and docketed at ECF No. 27 is **DENIED**; and it is further

**ORDERED** that Wingrove's filing captioned as "Motion of Information to the Court" and docketed at ECF No. 28 is **DENIED**.

S\_____
**Curtis V. Gómez**
**Chief Judge**