DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN

WINGROVE RICHARDS,           )
                                )
               Plaintiff,     )
                                )
               v.          )     Civil No. 2009-154
                                )
BANK OF NOVA SCOTIA; STRYKER   )
DUENSING, CASNER & DOLLISON; and )
the LAWYER'S TITLE INSURANCE    )
CORPORATION,              )
                                )
              Defendants.   )
_____)

ATTORNEYS:

**Wingrove Richards,**
St. Thomas, U.S.V.I.
    *Pro Se Plaintiff*.

**Carol Ann Rich, Esq.**
Dudley Rich Davis, LLP
St. Thomas, VI
    *For the Bank of Nova Scotia*.

**James Bernier, Jr., Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
    *For Stryker, Duensing, Casner & Dollison.*

**Warren B. Cole, Esq.**
Hunter, Cole & Bennett
St. Croix, VI
    *For the Lawyer's Title Insurance Corporation.*

## ORDER

GÓMEZ, J.

    Before the Court is the motion for reconsideration filed by *pro se* plaintiff Wingrove Richards.

*Richards v. Bank of Nova Scotia, et al.*
Civil No. 2009-154
Order
Page 2

At all relevant times, Wingrove Richards ("Richards") was the titleholder of property described as Parcel No. 1B1-B Remainder Estate Wintberg (the "Wintberg property"), located in St. Thomas, U.S. Virgin Islands. On October 27, 1999, Richards borrowed $30,000 from the Bank of Nova Scotia (the "Bank"). To evidence the debt, Richards executed a Mortgage Note ("Note") in which he promised to repay $30,000 to the Bank. The Note was secured by a mortgage on the Wintberg property in favor of the Bank.

Sometime thereafter, Richards defaulted under the terms of the Note and the mortgage. As such, the Bank filed an action against Richards for debt and foreclosure in the Superior Court of the Virgin Islands (the "Superior Court action"). During the pendency of the Superior Court action, Richards filed for bankruptcy. The Superior Court action was stayed.

On or about December 24, 2002, the Bankruptcy Court discharged Richards's unsecured debts. The Bank then sought and was granted relief from the stay of the Superior Court action. On March 15, 2007, the Superior Court entered a judgment and order of foreclosure against Richards. The Superior Court ordered that the Wintberg property be sold by the Superior Court Marshal.  Prior to the sale, Richards filed a motion to set aside the judgment. That motion was denied. The Wintberg

*Richards v. Bank of Nova Scotia, et al.*
Civil No. 2009-154
Order
Page 3

property was sold and Richards was ordered to pay the Bank's attorneys' fees and costs.

Thereafter, on October 30, 2009, Richards filed the instant action. Richards sought to have this Court vacate various Bankruptcy Court and Superior Court orders and judgments, pursuant to Rule 60(b)(3),(4),and (5) of the Federal Rules of Civil Procedure. Richards named as defendants the Bank, the law firm of Stryker, Duensing, Casner & Dollison ("Stryker"), and the Lawyers Title Insurance Company ("LTIC"). In his complaint, Richards claimed that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Fed. R. Civ. P. 60(b)(3),(4),and (5), and 28 U.S.C. § 1655.

Stryker and the Bank filed motions to dismiss for lack of subject matter jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Richards filed a motion for summary judgment.

On September 28, 2010, the Court held a hearing on the pending motions. During the hearing, the Court determined that it lacked subject matter jurisdiction over this action. On the following day, the Court entered an order memorializing its oral decision. The Court dismissed this action and ordered that the Clerk of the Court close this case.

*Richards v. Bank of Nova Scotia, et al.*
Civil No. 2009-154
Order
Page 4

On February 13, 2013, more than two years after the case
had been closed, Richards filed two additional motions. The
first motion was styled as a 25-count complaint against Wilmoth
Brooks, the Bank, Stryker, and LTIC. That motion essentially
asserted that the defendants were liable for conversion and
fraudulent conveyance arising from the sale of the Wintberg
property. The second motion appeared to reassert the claims
previously asserted by Richards in his October 30, 2009,
complaint.

The Court construed the motions as motions for
reconsideration pursuant to Federal Rule of Civil Procedure 59
or, in the alternative, as motions for relief from a judgment or
an order pursuant to Federal Rule of Civil Procedure 60. The
Court denied those motions as untimely. The Court reasoned that:
(1) the motions were filed more than two years after the Court
dismissed the case for lack of subject-matter jurisdiction; and
(2) Richards had failed to adduce any evidence showing that the
judgment should be set aside due to fraud upon the Court.

More than two years later, on April 23, 2015, Richards
filed a new motion seeking injunctive relief. (ECF No. 30.) That
same day, he filed a document captioned "Evidence of Extreme
Misconduct." (ECF No. 31.) Thereafter, on June 10, 2015,
Richards filed an additional motion seeking injunctive relief.

*Richards v. Bank of Nova Scotia, et al.*
Civil No. 2009-154
Order
Page 5

(ECF No. 33.) Richards also submitted a document captioned "Evidence of a Grave Miscarriage of Justice Pursuant to FRCP 60(d)(3)." (ECF No. 34.)

The Court construed these filings as motions for reconsideration pursuant to Federal Rule of Civil Procedure 59, or, in the alternative, as motions for relief from a judgment or an order pursuant to Federal Rule of Civil Procedure 60. On February 1, 2016, the Court denied those motions. The Court reasoned that insofar as the filings were construed as motions for reconsideration, they were untimely. Moreover, even if the filings were construed as motions for relief from judgment due to fraud on the Court, Richards was not entitled to the relief he sought because the alleged fraud was not material to the Court's judgment.

On February 12, 2016, Richards filed the instant motion for reconsideration seeking reconsideration of the Court's order denying his four motions.

Motions for reconsideration are governed by Local Rule of Civil Procedure 7.3, which provides:

> A party may file a motion asking the Court to reconsider its order or decision. Such motion shall be filed within ten (10) days after the entry of the order or decision unless the time is extended by the Court. Extensions will only be granted for good cause shown. A motion to reconsider shall be based on:

*Richards v. Bank of Nova Scotia, et al.*
Civil No. 2009-154
Order
Page 6

        1. intervening change in controlling law;

        2. availability of new evidence, or;

        3. the need to correct clear error or
        prevent manifest injustice.

LRCi 7.3; *see also Max's Seafood Café by Lou-Ann, Inc. v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999) (citing *North River Ins. Co. v. CIGNA Reinsurance Co.,* 52 F.3d 1194, 1218 (3d Cir.1995)).

The purpose of a motion for reconsideration "is to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir.1985). Such motions are not substitutes for appeals, and are not to be used as "a vehicle for registering disagreement with the court's initial decision, for rearguing matters already addressed by the court, or for raising arguments that could have been raised before but were not." *Bostic v. AT & T of the V.I.,* 312 F.Supp.2d 731, 733 (D.Vi.2004). "Local Rule [7.3] affirms the common understanding that reconsideration is an 'extraordinary' remedy not to be sought reflexively or used as a substitute for appeal." *Id.*

In his motion for reconsideration, Richards again raises the claims that he has sought to pursue since filing this action. However, with regard to the Court's February 1, 2016, order, he has not identified any intervening change in

*Richards v. Bank of Nova Scotia, et al.*
Civil No. 2009-154
Order
Page 7

controlling law, any new evidence, or any clear error. To the

extent that Richards argues that there is manifest injustice,

the injustice he describes is injustice allegedly caused by

orders issued by other judges. He does not argue that the

undersigned's order caused manifest injustice.

The premises considered, it is hereby

**ORDERED** that Richards's motion for reconsideration is

**DENIED.**


S_____
        **Curtis V. Gómez**
        **District Judge**