DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN


WINGROVE RICHARDS,                  )
                                    )
              Plaintiff,            )
                                    )
         v.                         )   Civil No. 2009-154
                                    )
BANK OF NOVA SCOTIA; STRYKER        )
DUENSING, CASNER & DOLLISON; and    )
the LAWYER'S TITLE INSURANCE        )
CORPORATION,                        )
                                    )
              Defendants.           )
                                    )


ATTORNEYS:

**Wingrove Richards**,
St. Thomas, U.S.V.I.
    *Pro Se Plaintiff*.

**Carol Ann Rich, Esq.**
Dudley Rich Davis, LLP
St. Thomas, VI
    *For the Bank of Nova Scotia*.

**James Bernier, Jr., Esq.**
Stryker, Duensing, Casner & Dollison
St. Thomas, VI
    *For Stryker, Duensing, Casner & Dollison*.

**Warren B. Cole, Esq.**
Hunter, Cole & Bennett
St. Croix, VI
    *For the Lawyer's Title Insurance Corporation*.

**ORDER**

**GÓMEZ, J.**

Before the Court is the motion of Wingrove Richards to reopen the above captioned matter.

Wingrove Richards ("Richards") was formerly the titleholder of property described as Parcel No. 1B1-A Remainder Estate Wintberg ("Property A") and Parcel No. 1B1-B Remainder Estate Wintberg ("Property B"), both located in St. Thomas, U.S. Virgin Islands. On October 27, 1999, Richards borrowed $30,000 from the Bank of Nova Scotia ("BNS"). Richards executed and delivered a promissory note (the "Note") to BNS in which he promised to pay BNS $30,000. The Note was secured by a mortgage attached to Property B.

Subsequently, Richards defaulted under the terms of the Note and mortgage. Thereafter, BNS brought a debt and foreclosure action against Richards in the Virgin Islands Superior Court (the "Superior Court Action"). While that action was pending, Richard filed a petition for bankruptcy in the Bankruptcy Division for the District Court of the Virgin Islands (the "Bankruptcy Court"), which was docketed as Bankruptcy Case Number 2-35 (the "Bankruptcy Action"). The Superior Court action was stayed.

On December 24, 2002, the Bankruptcy Court discharged Richard's unsecured debts in the Bankruptcy Action. The

Bankruptcy Court subsequently granted BNS relief from the stay of the Superior Court Action. On March 15, 2007, the Superior Court entered a judgment of foreclosure against Richards and ordered Property B to be sold by the Superior Court Marshal. Before the sale, Richards filed a motion to set aside the judgment. That motion was denied. Property B was subsequently sold. Richards did not appeal the Superior Court Action.

In the Bankruptcy Action, Property A was made a part of Richards's bankruptcy estate. The United States Trustee (the "Trustee") filed a motion in the bankruptcy court seeking authority to sell Property A, which the Bankruptcy Court granted. On April 29, 2009, Richards appealed the order granting the motion to sell Property A. That appeal was docketed in this Court at Civil Case Number 9-63. On June 11, 2009, this Court dismissed the appeal as untimely filed. Richards subsequently moved for reconsideration of the order of dismissal. Richards's motion was denied.

On October 30, 2009, Richards commenced the instant action against BNS, the law firm of Stryker, Duensing, Casner & Dollison ("Stryker"), and the Lawyer's Title Insurance Company. Richards sought to have this Court vacate various Bankruptcy Court and Superior Court orders and judgments pursuant to Federal Rule of Civil Procedure 60. In his complaint, Richards

claimed that this Court had subject matter jurisdiction pursuant to 28 U.S.C. § 1331, Fed. R. Civ. P. 60(b)(3),(4),and (5), and 28 U.S.C. § 1655.

Stryker and BNS filed motions to dismiss for lack of subject matter jurisdiction, insufficient process, insufficient service of process, and failure to state a claim upon which relief can be granted. Richards filed a motion for summary judgment.

On September 28, 2010, the Court held a hearing on the pending motions in this matter. During the hearing, the Court determined that it lacked subject matter jurisdiction over this action. On the following day, the Court entered an order memorializing its oral decision. The Court dismissed this action and ordered that the Clerk of the Court close this case.

On February 13, 2013, more than two years after the instant case had been closed, Richards filed two additional motions. The first motion was styled as a 25-count complaint against Wilmoth Brooks, BNS, Stryker, and LTIC. That motion essentially asserted that the defendants were liable for conversion and fraudulent conveyance arising from the sale of Property B. The second motion appeared to reassert the claims previously asserted by Richards in his October 30, 2009, complaint.

The Court construed the motions as motions for reconsideration pursuant to Federal Rule of Civil Procedure 59 or, in the alternative, as motions for relief from a judgment or an order pursuant to Federal Rule of Civil Procedure 60. The Court denied those motions as untimely. The Court reasoned that: (1) the motions were filed more than two years after the Court dismissed the case for lack of subject-matter jurisdiction; and (2) Richards had failed to adduce any evidence showing that the judgment should be set aside due to fraud upon the Court.

On April 23, 2015, Richards filed a new motion in this matter seeking injunctive relief. (ECF No. 30.) That same day, he filed a document captioned "Evidence of Extreme Misconduct." (ECF No. 31.) Thereafter, on June 10, 2015, Richards filed an additional motion seeking injunctive relief. (ECF No. 33.) Richards also submitted a document captioned "Evidence of a Grave Miscarriage of Justice Pursuant to FRCP 60(d)(3)." (ECF No. 34.)

The Court construed these filings as motions for reconsideration pursuant to Federal Rule of Civil Procedure 59, or, in the alternative, as motions for relief from a judgment or an order pursuant to Federal Rule of Civil Procedure 60. On February 1, 2016, the Court denied those motions. The Court reasoned that insofar as the filings were construed as motions

for reconsideration, they were untimely. Moreover, even if the filings were construed as motions for relief from judgment due to fraud on the Court, Richards was not entitled to the relief he sought because the alleged fraud was not material to the Court's judgment.

On February 12, 2016, Richards filed a motion for reconsideration of the Court's order denying his four motions.

On August 16, 2016, the Court denied Richards's motion for reconsideration. The Court explained that motions for reconsideration are governed by Local Rule of Civil Procedure 7.3. The Court reasoned that Richards had not identified any change in controlling law, any new evidence, or any clear error; nor did Richards argue that this Court's February 1, 2016, order caused manifest injustice.

On July 10, 2018, Richards filed the instant motion captioned "Motion to Reopen Case 3:09-00154 Base on a Grave Miscarriage of Justice." *See* ECF No. 46.

Motions to reopen are governed by Federal Rule of Civil Procedure 60(b) ("Rule 60(b)"). *See DeMatthews v. The Hartford Ins. Co.*, 402 F. App'x 686, 689 (3d Cir. 2010). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

*Richards v. Bank of Nova Scotia, et al.*
Civ. No. 2009-154
Order
Page 7

> (1) mistake, inadvertence, surprise, or excusable neglect;
>
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
> (4) the judgment is void;
>
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). "A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

"A movant under Rule 60(b) bears a heavy burden, requiring 'more than a showing of the potential significance of the new evidence'. . . These motions are only granted where extraordinary justifying circumstances are present." *Santiago v. Nash*, No. 07-4017, 2008 WL 624758, at *1 (3d Cir. 2008) (quoting *Bohus v. Beloff*, 950 F.2d 919, 929 (3d Cir. 1991)); *U.S. v. Beggerly*, 524 U.S. 38, 47 (1998) (stating "an independent action should be available only to prevent a grave miscarriage of justice.").

The Court is guided by a number of factors when ruling on a Rule 60(b) motion, including: "[1] the general desirability that a final judgment should not be lightly disturbed; [2] the procedure provided by Rule 60(b) is not a substitute for an appeal; [3] the Rule should be liberally construed for the purpose of doing substantial justice; [and 4] whether, although the motion is made within the maximum time, if any, provided by the Rule, the motion is made within a reasonable time." *Lasky v. Continental Products Corp.*, 804 F.2d 250, 256 (3d Cir. 1986) (quoting 7 J. Moore & J. Lucas Moore's Federal Practice ¶ 60.19, pp. 60-164-60-165).

Rule 60(d)(3) provides that "[t]his rule does not limit a court's power to . . . set aside a judgment for fraud on the court." Fed. R. Civ. P. 60(d)(3).

As with his previous filings, at the center of Richards's motion to reopen is the purported fraud by BNS, Stryker, and Lawyer's Title Insurance Corporation. This motion to reopen continues to reiterate arguments that have been considered and rejected by this Court on multiple occasions. Richards still does not assert any fraud on the Court that would undermine its holding that the Court lacks subject matter jurisdiction over this matter. *Cf. Lal v. Prudential Sec., Inc.*, 172 F.3d 48 (6th Cir. 1998)(declining to set aside a judgment under Rule

60(b)(6), in part, because the plaintiff's "allegations of fraud by . . . [the defendant] do not affect the basis of the district court's dismissal of . . . [the plaintiff's] complaint.").

The premises considered, it is hereby

**ORDERED** that Richards's motion to reopen, ECF No. 46, is **DENIED**.

S\_____
 **CURTIS V. GÓMEZ**
 **District Judge**